Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

District of

Division

|  |  |
|---|---|
| PAUL J. HENRY III | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | |
| *If the names of all the plaintiffs cannot fit in the space above,* | |
| *please write "see attached" in the space and attach an additional* | |
| *page with the full list of names.)* | |
| -v- | |
| | |
| "SEE ATTACHED" LETTER (A) | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
HARRISBURG, PA

FEB 10 2021

PER____MA____
DEPUTY CLERK

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | PAUL J. HENRY III #51996 |
| Street Address | 3400 CONCORD ROAD |
| City and County | York, York County |
| State and Zip Code | PA, 17402 |
| Telephone Number | |
| E-mail Address | |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

LETTER (A) OF PAGE 1    B.   DEFENDANTS

1. YORK COUNTY, PENNSYLVANIA
2. MICHÉLLE POKPRIFKA, YORK COUNTY SOLICITOR
3. DONALD L. REIHART, YORK COUNTY ASSISTANT SOLICITOR
4. YORK COUNTY PRISON BOARD, ("YCPB")
5. CLAIR DOLL, WARDEN OF THE YORK COUNTY PRISON ("YCP")
6. ADAM OGLE, DEPUTY WARDEN OF SECURITY
7. VALERIE, CONWAY, DEPUTY WARDEN OF TREATMENT
8. PRIMECARE MEDICAL, INC.  ("PCM")
9. THOMAS WEBER, CEO OF PCM
10. JOHN DOE I, UNIT MANAGER AT YCP
11. JOHN DOE II, DEPT. HEAD OF MAILROOM
12. JOHN DOE III, DEPT. HEAD OF RECORDS
13. JOHN DOE IV, LIEUTENANT
14. JOHN DOE V, LIEUTENANT
15. JOHN DOE VI, SERGEANT
16. JOHN DOE VII, SERGEANT
17. JOHN DOE VIII, SQUAD LEADER OF CERT TEAM
18. JOHN DOE IX, CORRECTIONAL OFFICER
19. JOHN DOE X, CORRECTIONAL OFFICER
20. JOHN DOE XI, GRIEVANCE COORDINATOR
21. JOHN DOE XII, DEPARTMENT HEAD OF CLASSIFICATION
22. JOHN DOE XIII, DOCTOR AND PROVIDER FOR PCM AT YCP
23. JOHN DOE XIV, HEALTH SERVICES ADMINISTRATOR
24. JOHN DOE XV, REGISTERED NURSE
25. JOHN DOE XVI, REGISERED NURSE
26. JOHN DOE XVII, REGISTERED NURSE
27. JOHN DOE XVIII, DENTIST
28. JOHN DOE IXX, DENTAL ASSISTANT

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**Defendant No. 1**

Name — York County

Job or Title *(if known)* —

Street Address —

City and County —

State and Zip Code — Pennsylvania

Telephone Number —

E-mail Address *(if known)* —

**Defendant No. 2**

Name — Michelle Pokprifka

Job or Title *(if known)* — York County Solicitor

Street Address — 28 East Market Street

City and County — York, York County

State and Zip Code — Pennsylvania, 17401

Telephone Number — PH: 717-771-4777   FAX: 717-771-4341

E-mail Address *(if known)* — www.yorkcountypa.gov

**Defendant No. 3**

Name — Donald L. Reihart

Job or Title *(if known)* — York County Assistant Solicitor

Street Address — 28 East Market Street

City and County — York, York County

State and Zip Code — Pennsylvania, 17401

Telephone Number — PH: 717-771-4777   FAX: 717-771-4341

E-mail Address *(if known)* — www.yorkcountypa.gov

**Defendant No. 4**

Name — York County Prison Board (YCPB)

Job or Title *(if known)* — Inspectors of the York County Prison

Street Address — 28 East Market Street

City and County — York, York County

State and Zip Code — Pennsylvania, 17401

Telephone Number — PH: 717-771-4777   FAX: 717-771-4341

E-mail Address *(if known)* — www.yorkcountypa.gov

"SEE ATTACHED" LETTER (B)

LETTER (B) OF PAGE 2 - <u>ADDITIONAL</u> <u>DEFENDANTS</u>

<u>DEFENDANT   NO.5</u>

NAME :        CLAIR DOLL

JOB OR TITLE: WARDEN OF   YORK COUNTY PRISON


<u>DEFENDANT   NO.6</u>

NAME :        ADAM OGLE

JOB OR TITLE : DEPUTY WARDEN OF  SECURITY


<u>DEFENDANT   NO.7</u>

NAME :        VALERIE CONWAY

JOB OR TITLE : DEPUTY WARDEN OF TREATMENT


<u>DEFENDANTS 5,6,7</u> EMPLOYMENT ADDRESS AT YCP.

STREET ADDRESS :   3400 CONCORD ROAD

CITY AND COUNTY :  YORK, YORK COUNTY

STATE AND ZIP CODE : PENNSYLVANIA, 17402

TELEPHONE NUMBER : 717 - 840 - 7580

E-MAIL ADDRESS : NOT  KNOWN


<u>DEFENDANT   NO. 8</u>

NAME :        PRIMECARE MEDICAL INC., AKA "<u>PRIMECARE</u> OR <u>PCM</u>"

JOB OR TITLE : PENNSYLVANIA CORPORATION


<u>DEFENDANT   NO. 9</u>

NAME :        THOMAS WEBER

JOB OR TITLE : CEO OF PRIMECARE

LETTER (B) CONTi. OF PAGE 2

DEFENDANT No.15
NAME:        JOHN Doe VI, AKA (SERGEANT CURRY)
JOB OR TITLE: BLOCK SGT. AT YCP

DEFENDANT No.16
NAME:        JOHN Doe VII, AKA (SERGEANT FETROW)
JOB OR TITLE: BLOCK SGT. AT YCP

DEFENDANT No.17
NAME:        JOHN Doe VIII, AKA (CERT OFFICER BOLDEN)
JOB OR TITLE: SQUAD LEADER OF CERT TEAM AT YCP

DEFENDANT No.18
NAME:        JOHN DOE IX, AKA (CORRECTIONAL OFFICER HENRY)
JOB OR TITLE: CORRECTIONAL OFFICER AT YCP

DEFENDANT No.19
NAME:        JOHN Doe X, AKA (OFFICER CRIST)
JOB OR TITLE: CORRECTIONAL OFFICER AT YCP

DEFENDANT No.20
NAME:        JOHN Doe XI, (GRIEVANCE COORDINATOR)
JOB OR TITLE: HEAD OF GRIEVANCE DEPT ATi YCP.

DEFENDANT No.21
NAME:        JOHN Doe XII, AKA (COUNSELOR GAIL)
JOB OR TITLE: HEAD OF CLASSIFICATION DEPT, AT YCP

LETTER (B) CONT. OF PAGE 2

DEFENDANTS 10 THROUGH 28   EMPLOYMENT ADDRESS AT YCP.

STREET ADDRESS: 3400 CONCORD ROAD

CITY AND COUNTY: YORK, YORK COUNTY

STATE AND ZIP CODE: PENNSYLVANIA, 17402

TELEPHONE NUMBER: 717-840-7580

E-MAIL ADDRESS: NOT KNOWN

PAGE 3 OF 3

LETTER (B) CONT.          PARTIES

1. PLAINTIFF PAUL J. HENRY III WAS AT ALL MATERIAL TIMES A RESIDENT OF YORK COUNTY, PENNSYLVANIA.

2. DEFENDANT YORK COUNTY IS A MUNICIPALITY OF THE COMMONWEALTH OF PENNSYLVANIA AND OWNS, OPERATES, MANAGES, DIRECTS, CONTROLS, AND OVERSEES THE YORK COUNTY PRISON "YCP" LOCATED AT 3400 CONCORD ROAD, YORK, PA. 17402

3. DEFENDANT YORK COUNTY ALSO EMPLOYS MICHÉLLE POKPRIFKA, SOLICITOR FOR YORK COUNTY AND DONALD REIHART, ASSISTANT SOLICITOR FOR YORK COUNTY LOCATED AT 28 EAST MARKET STREET, YORK, PA. 17401 TO HANDLE LEGAL MATTERS FOR YORK COUNTY AND OVERSEES GRIEVANCES, 806 APPEALS TO SOLICITOR FOR YCP.

4. DEFENDANT YORK COUNTY ALSO EMPLOYS THE YORK COUNTY PRISON BOARD "YCPB", INSPECTORS OF THE YORK COUNTY PRISON, LOCATED AT 28 EAST MARKET STREET, YORK, PA. 17401 TO DIRECTLY OPERATE, MANAGE, MANAGE, CONTROL, AND OVERSEE THE YCP INCLUDING VOTING ON FINAL APPEALS OF THE COMPLAINT REVIEW SYSTEM.

5. AT ALL TIMES RELEVANT HERETO, YORK COUNTY EMPLOYEED MICHÉLLE POKPRIFKA AND DONALD REIHART.

6. AT ALL TIMES RELEVANT HERETO, YORK COUNTY EMPLOYED YCPB, WARDEN CLAIR DOLL, DEPUTY WARDEN'S ADAM OGLE, AND VALERIE CONWAY.

7. DEFENDANT YCPB WAS AT ALL TIMES RELEVANT TO THIS ACTION AN AGENT OF YORK COUNTY.

LETTER (B) CONT.    PARTIES

14. DEFENDANT THOMAS WEBER WAS THE CEO OF PRIMECARE AND WAS RESPONSIBLE FOR OPERATING, MANAGING, DIRECTING, CONTROLLING, AND OVERSEEING PRIMECARE LOCATED AT 3940 LOCUST LANE, HARRISBURG, PA. 17109.

15. DEFENDANTS JOHN DOES I THROUGH XII ARE CORRECTIONAL OFFICERS OR OTHER PRISON PERSONNEL AT YCP.

16. DEFENDANTS JOHN DOES XIII THROUGH IXX ARE MEDICAL PROVIDERS PRACTICING AT YCP IN YORK.

17. DEFENDANTS JOHN DOES I THROUGH XII WERE AT ALL TIMES RELEVANT TO THIS ACTION AN AGENT OF YORK COUNTY AND WERE PRISON PERSONNEL AT YCP. JOHN DOES I THROUGH XII ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY AS AN OFFICER OR STAFF MEMBER OF YCP AND YORK COUNTY.

18. DEFENDANTS JOHN DOES XIII THROUGH IXX WERE A PRACTICING DOCTOR, NURSE, OR DENTIST ACTING INDIVIDUALLY AND/OR AS AN AGENT, OSTENSIBLE AGENT, SERVANT AND/OR EMPLOYEES OF YORK COUNTY AND PRIMECARE.

19. DEFENDANTS JOHN DOES I THROUGH IXX ARE MEDICAL PROVIDERS PRACTICING AT YCP IN YORK, PA AND/OR CORRECTIONAL OFFICERS OR OTHER PRISON PERSONNEL AT YCP.

20. AT ALL MATERIAL TIMES, DEFENDANT, YORK COUNTY WAS CHARGED WITH THE RESPONSIBILITY OF PROVIDING ADEQUATE MEDICAL CARE AND TO PROTECTING THE DETAINEES/INMATES HOUSED AT YCP, INCLUDING PLAINTIFF, PAUL J. HENRY III, AND DELEGATED THAT CONSTITUTIONAL DUTY TO DEFENDANTS,

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question              ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

SEE ATTACHMENT "LETTER (C)"

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

LETTER (C) OF PAGE 3   <u>JURISDICTION</u>

1. THIS ACTION IS BROUGHT PURSUANT TO 42 UNITED STATES CODE SECTION 1983.

2. JURISDICTION IS BASED UPON 28 UNITED STATES CODE 1331, 1341 (1), (3), AND (4) AND 1343 (a)(3) AND 1343 (a)(4).

3. PLAINTIFF FURTHER INVOKES THE SUPPLEMENTAL JURISDICTION UNDER 28 UNITED STATES CODE SECTION 1367 (a) TO HEAR AND DECIDE CLAIMS UNDER STATE LAW.

4. PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA WERE VIOLATED INCLUDING THE LAWS OF THE UNITED STATES AND OF THE COMMONWEALTH OF PENNSYLVANIA, AND HIS RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES WERE VIOLATED, SPECIFICALLY BUT NOT LIMITED TO :

    A. <u>FIRST AMENDMENT</u>; THE RIGHT TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES.

    B. <u>FORTH AMENDMENT</u>; DENIED THE RIGHT TO BE SECURE SAFELY WHILE INCARCERATED IN YORK COUNTY AT YORK COUNTY PRISON.

    C. <u>FIFTH AMENDMENT</u>; DENIED THE RIGHT OF LIBERTY.

    D. <u>EIGHTH AMENDMENT</u>; THE RIGHT TO BE FREE FROM INFLICTED CRUEL AND UNUSUAL PUNISHMENT. 42 U.S.C.S. § 1983.

    E. <u>FOURTEENTH AMENDMENT</u>;

        I. NO STATE SHALL DEPRIVE ANY PERSON OF LIBERTY.

        II. NO STATE SHALL DENY ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS.

5. PLAINTIFF WAS DENIED HIS RIGHTS TO FEDERAL AND STATE LAWS AND WAS DENIED HIS RIGHT TO PROPER AND ADEQUATE MEDICAL TREATMENT.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

      b.    If the defendant is a corporation

           The defendant, *(name)* _____ , is incorporated under

           the laws of the State of *(name)* _____ , and has its

           principal place of business in the State of *(name)* _____ .

           Or is incorporated under the laws of *(foreign nation)* _____ ,

           and has its principal place of business in *(name)* _____ .

      *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

      The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

SEE ATTACHMENT "LETTER (D)"

B.    What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHMENT "LETTER (E)"

LETTER (D) OF PAGE 4   STATEMENT OF CLAIMS

A. WHERE DID THE EVENTS GIVING RISE TO YOUR CLAIM(S) OCCUR?

1. PLAINTIFF WAS AT ALL TIMES INCARCERATED IN YORK COUNTY AT THE YORK COUNTY PRISON FROM SEPTEMBER 14th, 2016 TO JUNE 5th, 2018 AND FROM JUNE 26th, 2018 TO THE PRESENT DATE AND FILING OF THIS COMPLAINT.

2. PLAINTIFF AT ALL MATERIAL TIMES WAS A RESIDENT IN YORK COUNTY, PENNSYLVANIA AT THE YORK COUNTY PRISON.

LETTER (E) OF PAGE 4      STATEMENT OF CLAIMS

B. WHAT DATE AND APPROXIMATE TIME DID THE EVENTS OF THIS CLAIM OCCUR?

C. WHAT ARE THE FACTS UNDERLYING YOUR CLAIM(S)?

**#1.** FACTS OF MY INCARCERATION AND STATUS LEVEL, INTENSIVE CUSTODY UNIT "ICU".

    A. PLAINTIFF LOST TRIAL MAY 22ND, 2018 FOR A DOUBLE CAPITOL MURDER

        I. THIS ACTION PROMPTED THE DEFENDANTS, YORK COUNTY, YCPB, MICHÉLLE POKRIFKA, DONALD REIHART, AND ENFORCED BY DEFENDANTS, CLAIR DOLL, AND ADAM OGLE, AND IT'S CORRECTIONAL OFFICERS IN THEIR COMPACITY OF THE STATE PLACED PLAINTIFF ON SUICIDE WATCH

        II. PLAINTIFF STILL HAD TWO FULL DAYS OF JURY TRIAL IMMEDIATELY FOLLOWING THE GUILT PHASE OF TRIAL TO THE SENTENCING PHASE OF THE TRIAL BY THE SAME JURY.

        III. PLAINTIFF WAS DENIED ALL RIGHTS AND WAS STRIPPED DOWN FOR SUICIDE WATCH FOR THE NEXT THREE (3) DAYS.

        IV. COLLECTIVELY THE "YORK COUNTY DEFENDANTS" AND THE "PRIMECARE DEFENDANTS" DENIED PLAINTIFF ANY AND ALL HYGIENE PRODUCTS SUCH AS TOOTHPASTE, DEODORANT, ETC. PLAINTIFF WAS ALSO DENIED A SHOWER THE LAST THREE DAYS. PLAINTIFF'S CRIMINAL ATTORNEY REQUESTED ON THE RECORD THAT THE PRESIDING JUDGE CALL YCP AND REQUEST PLAINTIFF GET A SHOWER,

LETTER (E) CONT,

POKPRIFKA, DONALD REIHART, CLAIR DOLL, AND ADAM
OGLE THAT PLAINTIFF HAD "MINOR" BRUISING AND
ABRASIONS NOT CONSISTANT OF ABUSE OR CRUEL AND
UNUSUAL PUNISHMENT. IT WAS ALSO DETERMINED
THE USE OF SHACKLES ON PLAINTIFF WOULD CONTINUE.
ADAM OGLE, DEPUTY WARDEN OF SECURITY IMPLIED
ON AN ADMINISTRATIVE RESPONSE THAT PLAINTIFF'S
INJURIES MAY HAVE HAPPENED DURING PLAINTIFFS
THREE (3) WEEK STAY AT STATE CORRECTIONAL
INSTITUTION "SCI" CAMP HILL.

E. UPON APPEAL TO DONALD REIHART, PLAINTIFF STATED
HE COULD CALL SCI CAMP HILL TO VERIFY PLAINTIFF
NEVER WORE SHACKLES DURING HIS STAY AT SCI
CAMP HILL. PCM IMMEDIATELY STARTED MINOR
PAIN MEDICATION TO PLAINTIFF FOR HIS ANKLES,

F. DONALD REIHART SENT PLAINTIFFS APPEAL BACK
TO ADMINISTRATION AT YCP WITH A WRITTEN
RESPONSE REQUESTING AN EXPLANATION OF WHY
IT TOOK FIVE (5) MONTHS TO GET TO HIM AND
THE YCPB. HE ALSO REQUESTED AN "APPROPRIATE"
INVESTIGATION BE DONE BY ADMINISTRATION AT YCP.

G. SINCE FEBRUARY 25TH, 2019 WHEN THIS REQUEST
WAS MADE FOR AN EXPLANATION AND APPROPRIATE
INVESTIGATION, DESPITE PLAINTIFFS MANY WRITTEN
REQUESTS HAS NEVER RECEIVED A RESPONSE NOR
A LETTER OF EXHAUSIONS OF REMEDIES.

H. PLAINTIFFS SENTENCE OF DEATH WAS OFFICIALLY
VACATED ON THE RECORD APRIL 15TH, 2019,

LETTER (E) CONT.

cont. III. ARE AT THE BACK OF THE PRISON
APPROXIMATELY ONE QUARTER (1/4) MILE ONE
WAY. PLAINTIFF WALKED THIS ONE TO THREE
TIMES A WEEK EACH WEEK FOR OVER A
YEAR BOTH WAYS!

IV. FOR HOURS AT A TIME PLAINTIFF WAS REQUIRED
TO SIT IN "LOCKED" ROOMS HANDCUFFED
AND SHACKLED.

1.) IN ONE PARTICULAR CASE DEFENDANT
LIEUTENANT CESSNA ON MARCH 15TH 2020 FORCED
PLAINTIFF TO SIT IN A LOCKED HOLDING TANK,
051 FOR OVER TWO HOURS. PLAINTIFF WAS
HANDCUFFED AND SHACKLED FROM 0015 HOURS
TO 0215 HOURS AS PUNISHMENT FOR NOT
SNITCHING ON CORRECTIONAL OFFICER HERR.
PLAINTIFFS TOES WERE NUMB, TINGLING, AND
PURPLE BEFORE DEFENDANT LIEUTENANT
CESSNA MADE PLAINTIFF WALK TO MEDICAL.

2.) IN ALL CASES WHEN PLAINTIFF WAS ALLOWED
TO GO TO LAW LIBRARY, PLAINTIFF WAS
REQUIRED TO WEAR HANDCUFFS AND
SHACKLES IN A LOCKED ROOM BY HIMSELF
FOR UP TO THREE HOURS AT A TIME.
PLAINTIFF WAS FORCED TO TAKE NOTES AND
SIT IN A LAWN CHAIR IN LAW LIBRARY, LOCKED
IN BY HIMSELF HANDCUFFED AND SHACKLED.

3.) IN MAY AND JUNE OF 2019 DEFENDANTS
YCP8, CLAIR DOLL, ADAM OGLE, AND CERT,

LETTER (E) CONT.

#2. FORCED TO WEAR SMALLER JUVENILE/FEMALE SHACKLES.

A. BETWEEN FEBRUARY 14TH 2019 AND MARCH 15TH 2019
PLAINTIFF WAS FORCED TO WEAR SMALLER SHACKLES
WHICH WERE TIGHT AROUND PLAINTIFFS ANKLES ONLY
AFTER ONE (1) CLICK. THIS WOULD CUT THE CIRCULATION
OF BLOOD FLOW OFF TO PLAINTIFFS FEET CAUSING
NUMBNESS, PERMINANT SCARING, BRUISING, SPIDERVIENS,
AND SEVERE TINGLING AND PAIN TO PLAINTIFF'S FEET.

B. ON MARCH 15TH 2019 DEFENDANT LIEUTENANT COLLINS
VERIFIED THAT DEFENDANT CORRECTIONAL OFFICER
HENRY WAS USING THESE SMALLER/TIGHTER SHACKLES,
ALSO WITNESSED BY CORRECTIONAL OFFICER HERR.
DEFENDANT LIEUTENANT COLLINS PLACED A NOTE
AT THE "BUSY AREA" OFFICERS DESK ORDERING THE
USE OF OVERSIZED SHACKLES, TO BE USED AT
ALL TIMES WHEN PLAINTIFF LEAVES HIS CELL.

C. AT THIS TIME DEFENDANTS PCM AND COLLECTIVELY
THE "PRIMECARE DEFENDANTS" PUT PLAINTIFF ON
STRONGER PAIN MEDICATION FOR HIS ANKLES.

D. SEVERAL TIMES AFTER THIS ORDER WAS POSTED FOR
PLAINTIFF; COLLECTIVELY THE "YORK COUNTY DEFENDANTS"
FORCED PLAINTIFF TO WEAR THE SMALLER/TIGHTER
SHACKLES INSTEAD OF THE OVERSIZED SHACKLES ON
BUT NOT LIMITED TO:

    I. DEFENDANT SGT. CURRY FORCED PLAINTIFF
    TO WEAR SMALLER/TIGHTER SHACKLES ON
    OCTOBER 7TH 2019 TO A VISIT WITH KATHLEEN
    LUCUS; A REPRESENTATIVE WITH THE

BACK

LETTER (E) CONT.

ABOUT THE USE OF THESE SHACKLES AND VERIFIED THAT PLAINTIFF WAS NO LONGER ON DEATH ROW. COLLECTIVELY THE "YORK COUNTY DEFENDANTS" IGNORED ALL REQUESTS CONCERNING PLAINTIFF'S ANKLES. PRESIDING JUDGE MICHAEL BORTNER FOR PLAINTIFF'S CRIMINAL CASE DID ORDER THE YORK COUNTY SHERRIFF'S DEPARTMENT TO USE OVERSIZED SHACKLES ON PLAINTIFF DURING TRANSPORTS TO AND FROM THE YORK COUNTY COURTHOUSE AND THE SHERRIFF'S FOLLOWED THAT ORDER.

III. ON DECEMBER 16TH 2019 CERT OFFICER AXE AT THE INSTRUCTION OF CORRECTIONAL OFFICER HENRY PLACED THESE SMALLER/ TIGHTER SHACKLES ON PLAINTIFF FOR A VISIT. COLLECTIVELY THE "PRIME CARE DEFENDANTS" STARTED PLAINTIFF ON BABY ASPRIN FOR HIS ANKLES TO HELP PREVENT BLOOD CLOTS FORMING IN PLAINTIFF'S ANKLES FROM HIS SPIDERVIENS FROM THE SHACKLES.

IV. THERE WERE SEVERAL OTHER TIMES PLAINTIFF WAS FORCED TO WEAR THESE SMALLER/TIGHTER SHACKLES BUT THESE SPECIFIC REFERENCED CLAIMS ABOVE, PLAINTIFF HAS CREDIBLE WITNESSES.

V. AT ANYTIME PLAINTIFF REFUSED TO WEAR THESE SMALLER/TIGHTER SHACKLES, HE WOULD BE CONSIDERED REFUSING HIS VISITS, LAW LIBRARY, ETC.

RACK

LETTER (E) CONT:

E. ON MAY 6TH, 2019 PLAINTIFF FILED A GRIEVANCE AFTER MULTIPLE REQUESTS TO COLLECTIVELY "THE YORK COUNTY DEFENDANTS" AND THE "PRIMECARE DEFENDANTS" TO PHOTOGRAPH PLAINTIFFS ANKLES AS EVIDENCE OF INJURIES AND PERMINANT DAMAGE CAUSED FROM WEARING SMALLER/TIGHTER SHACKLES. IN JUNE OF 2019 WITNESS LIEUTGNANT WHITE FROM THE OFFICE OF INTELLIGENCE AND SECURITY AT YCP TOOK PHOTOGRAPHS OF PLAINTIFFS ANKLES BUT UPON APPEAL COLLECTIVELY DEFENDANTS OF "YORK COUNTY" REFUSED TO GIVE PLAINTIFF COPIES.

F. ON FEBRUARY 6TH, 2020 PLAINTIFF AGAIN REQUESTED HIS ANKLES BE PHOTOGRAPHED TO SHOW AND PROVE HOW MUCH MORE DAMAGE TO HIS ANKLES PLAINTIFF HAS SUFFERED IN JUST THE PRIOR EIGHT (8) MONTHS BUT DEFENDANTS YCPB, ADAM OGLE, AND DONALD REIHART REFUSED TO ALLOW ANYMORE PHOTOGRAPHS TAKEN.

G. WHEN PLAINTIFF WAS PERMITTED TO GO BACK TO GENERAL POPULATION ON JUNE 10TH, 2020 OR SHORTLY THERE AFTER ASSIGNED PLAINTIFF TO A TOP BUNK STATUS. TOP BUNKS ARE APPROXIMATELY 4'6" (FOUR FEET SIX INCHES) OFF THE FLOOR WITH NO LADDER.

H. PLAINTIFF FOR SEVERAL WEEKS HAD TO JUMP UP AND DOWN TO HIS BED WITH NO HELP AND THIS CAUSED MORE PAIN AND SUFFERING TO PLAINTIFF. DEFENDANTS VALERIE CONWAY, PCM, AND TAMMY RUIZ AND PATRICIA BENNETT REFUSED TO PLACE PLAINTIFF ON BOTTOM BUNK STATUS EVEN WITH PLAINTIFF'S ANKLE

LETTER (E) CONT:

E. ON APRIL 6TH 2019 DEFENDANT CORRECTIONAL OFFICER
CRIST DROPPED A WICKET DOOR ON PLAINTIFFS
LEFT MIDDLE FINGER WHILE PLAINTIFF WAS RECEIVING
HIS MEDICATION FOR ANKLE PAIN.

    I. UPON FILING SAID GRIEVANCE PLAINTIFF WAS
    SEEN BY DEFENDANTS PCM AND DR. CATTELL
    WHO TOLD PLAINTIFF HE'S NEVER PRESCRIBED
    A PILL OR TREATMENT IN FIVE (5) YEARS
    FOR NAIL FUNGUS AT THE YCP LOCATION;
    AND DENIED PLAINTIFF MEDICAL TREATMENT.

    II. A FEW WEEKS LATER A NAIL FUNGUS WORSE
    THAN PLAINTIFFS TOE NAIL FUNGUS STARTED
    IN PLAINTIFFS LEFT MIDDLE FINGER.

    III. UPON APPEAL BY PLAINTIFF IN APRIL OF 2020
    COLLECTIVELY THE "PRIMECARE DEFENDANTS"
    AND DR. CATTELL REVIEWED AND DENIED
    MEDICAL TREATMENT OF PLAINTIFFS NAIL
    FUNGUS IN WRITING.

F. ON JULY 29TH, 2019 PLAINTIFF FILED A GRIEVANCE
COMPLAINING OF HIS TOE NAILS POPPING/FALLING
OFF ON THERE OWN FROM THE TOE NAIL FUNGUS
AND INFECTIOUS DISEASE. THE GRIEVANCE WAS DENIED.

G. ON SEPTEMBER 6TH, 2020 PLAINTIFF AGAIN COMPLAINED
OF HIS TOE NAILS STILL POPPING OFF AFTER A NEW
NAIL GREW OUT SEVERAL TIMES AND PLAINTIFFS
LEFT MIDDLE FINGER NAIL WAS PEELING OFF IN
STRIPS/PEICES WHICH WAS VERY PAINFULL FOR
OVER A YEAR.

LETTER (E) CONT.

STOPPED THEIR CURRENT PROCEDURE OF KEEPING ORIGINALS BUT COLLECTIVELY THEY NEVER RESPONDED TO PLAINTIFFS REQUEST AS TO WHAT ACTUALLY HAPPENED TO THOSE ORIGINAL LEGAL DOCUMENTS.

D. ON JANUARY 23RD, 2020 PLAINTIFF COMPLAINED OF DEFENDANT CAPT. SNYDER HOLDING LEGAL E-MAIL / LEGAL MAIL FOR UP TO THREE (3) WEEKS BEFORE DISTRIBUTING IT AND THAT HIS EMAILS FROM HIS CRIMINAL ATTORNEYS WERE SENT TO THE PRISON IN COLOR (PHOTOGRAPHS) BUT THE DEFENDANT CAPT. SNYDER AND YCP MAILROOM WERE PRINTING EMAILS IN ONLY BLACK AND WHITE. THESE DOCUMENTS WERE BRADY MATERIALS AND PHOTOGRAPHS FROM PLAINTIFFS CRIMINAL CASE, MANY PHOTOGRAPHS WERE UNIDENTIFIABLE DO TO BEING IN BLACK AND WHITE VERIFIED BY PRESIDING JUDGE FOR PLAINTIFF.

E. ON FEBRUARY 5TH 2020 DEFENDANT CAPTAIN SNYDER IN CHARGE OF THE MAILROOM FOR YCP STATED THEY HAD NO PRINTERS IN THE MAILROOM THAT PRINTED COLOR DOCUMENTS AND WOULD BE ABLE TO ONLY PRINT COURT, DISCOVERY, AND BRADY MATERIALS IN BLACK AND WHITE.

F. UPON APPEAL BY PLAINTIFF ON APRIL 20TH, 2020 DEFENDANTS, YORK COUNTY, YCPB, AND DONALD REIHART APPROVED DEFENDANT VALERIE CONWAY TO PURCHASE ONE (1) COLOR PRINTER FOR LEGAL EMAILS ONLY.

G. THE FIRST WEEK IN JUNE OF 2020 A COLORED PRINTER WAS SET UP FOR PRINTING LEGAL E-MAILS.

LETTER (E) CONT.

E-BOOKS, PLAYING MULTIPLE VIDEO GAMES, EDUCATIONAL LEARNING, ORDERING COMMISSARY, FILING COMPLAINTS AND THESE TABLETS HAVE A LAW LIBRARY APPLICATION TO STUDY/REVIEW CASE LAW.

IV. PLAINTIFF ARGUES THAT THERE ARE ONLY EIGHT (8) TABLETS FOR THIRTY (30) INMATES TO USE FOR ALL OF THE ABOVE STATED APPLICATIONS, PLAINTIFF ARGUES HE DOES NOT HAVE ACCESS TO THESE TABLETS AND WOULD HAVE TO ARGUE TO EVEN FIGHTING OTHER INMATES TO USE SAID ELECTRONIC TABLETS.

V. PLAINTIFF ARGUES HE IS FORCED TO PUT HIMSELF IN DANGER OF LIFE OR LIMB TO OBTAIN ACCESS TO LAW LIBRARY OR THE COURTS WHEN IT IS THE CONSTITUTIONAL OBLIGATION AND RESPONSIBILITY FOR THE "YORK COUNTY DEFENDANT COLLECTIVELY TO PROVIDE THESE SERVICES TO INMATES AND PLAINTIFF AT YCP.

B. ON SEPTEMBER 9TH 2020 PLAINTIFF CLAIMS HE VISUALLY SAW A INS INMATE USING A COMPUTER IN THE MAIN LAW LIBRARY.

I. PLAINTIFF ARGUES THE ARE IN THE MAIN LAW LIBRARY IS AS BIG AS THE AREA OF THE DAY ROOM ON HIS BLOCK WHICH IS WHERE THIRTY (30) INMATES EAT THREE (3) TIMES A DAY FOR 20-30 MINUTES WITHOUT MASKS ON. ONLY (18) EIGHTEEN INMATES ARE ALLOWED

RACK

LETTER (E) CONT,

        THIS FACILITY, YCP IN YORK COUNTY SHOULD ALREADY HAVE MANY OF THESE FORMS ON HAND AND LOCATED IN THE MAIN LAW LIBRARY FOR EASIER ACCESS TO COURTS.

    IV. PLAINTIFF ALSO ARGUES INMATES INCLUDING HIMSELF SHOULD HAVE ACCESS TO COMPUTERS IN THE MAIN LAW LIBRARY FOR FILING FORMS SUCH AS THIS ONE. PLAINTIFF ARGUES IT WOULD BE MUCH MORE PROFESSIONAL LOOKING, LEGIBLE, AND COMPUTERS HAVE SPELL CHECK.

#6. <u>PLAINTIFF'S HEARING FOR A POST TRIAL RELIEF MOTION</u> <u>REQUESTING A MISTRIAL OF PLAINTIFF'S CRIMINAL CASE</u> <u>WAS HELD ON THE BLOCK IN A COUNSELOR'S OFFICE WITH</u> <u>THE DOOR OPEN FOR STAFF AND OTHER INMATES AT</u> <u>YCP TO HEAR.</u>

    A. ON AUGUST 7TH 2020 DURING THE COVID 19 PANDEMIC PLAINTIFF HAD A POST TRIAL RELIEF MOTION.

    B. DEFENDANT'S YORK COUNTY, YCPB, MICHELLE POKPRIFKA, DONALD REIHART, AND CAPT. CUTI OF YCP IN THE RECORDS DEPARTMENT TOLD THE YORK COUNTY COURTHOUSE AND STAFF OF PLAINTIFF'S PRESIDING JUDGE THAT PLAINTIFF WOULD BE AVAILABLE FOR COURT. THEN TWO DAYS PRIOR TO PLAINTIFF'S HEARING DEFENDANT CAPT. CUTI TOLD PRESIDING JUDGES STAFF FOR PLAINTIFF HE COULD NOT COME TO THE COURTHOUSE BUT THAT YCP WOULD MAKE ACCOMMODATIONS FOR PLAINTIFF TO BE PRESENT VIA ZOOM VIDEO.

    C. THE ACCOMMODATIONS DEFENDANTS MADE FOR

Back

LETTER (E) CONT.

#7. ON DECEMBER 2ND 2020 PLAINTIFF COMPLAINED HE WAS
BEEN AT YCP FOR OVER FOUR (4) YEARS WITHOUT HIS TEETH
PROPERLY BEING CLEANED.

    A. PLAINTIFF COMPLAINED DURING EACH YEARLY CHECK-UP
      OF HIS TEETH BEING CLEANED TO DEFENDANTS DENTIST,
      AND DENTAL ASSISTANT.

    B. ON DECEMBER 8TH 2020 DEFENDANTS COLLECTIVELY
      OF "PRIMECARE" TOLD PLAINTIFF THEY COULD NOT
      CLEAN HIS TEETH BECAUSE OF THE CURRENT COVID19
      PANDEMIC.

    C. UPON APPEAL ON JANUARY 25TH 2021 COLLECTIVELY
      THE "PRIMECARE DEFENDANTS" TOLD PLAINTIFF HE
      WOULD BE SCHEDULED FOR A CLEANING BUT AS OF
      THIS DATE NO APPOINTMENT WAS MADE OR MADE
      AWARE TO PLAINTIFF FOR A CLEANING.

#8. NOT ANSWERING GRIEVANCES TIMELY OR AT ALL COLLECTIVELY
BY THE "YORK COUNTY DEFENDANTS" AND THE "PRIMECARE DEFENDANTS"

    A. PLAINTIFF COMPLAINED IN AUGUST OF 2018 TO THE
      GRIEVANCE DEPARTMENT FOR NOT ANSWERING
      GRIEVANCES FILED IN MAY OF 2018 BY PLAINTIFF.
      THIS COMPLAINT WASN'T EVEN NUMBERED OR RESPONDED
      TO UNTIL FEBRUARY 25TH 2019.

    B. PLAINTIFF AGAIN GRIEVANCED IN JUNE OF 2019 THAT
      MULTIPLE GRIEVANCES TO COLLECTIVELY THE "YORK
      COUNTY DEFENDANTS" AND/OR THE "PRIMECARE DEFENDANTS"
      WENT UNANSWERED FOR SEVERAL MONTHS TO SOME OVER
      A YEAR WITH NO RESPONSE.

    C. PLAINTIFF AGAIN COMPLAINED ON SEPTEMBER 20TH 2019

BACK

LETTER (E) CONT.

I. IN SOME CASES COLLECTIVELY THE "YORK COUNTY DEFENDANTS" BULLY INMATES INTO "SIGNING OFF" ON CERTAIN COMPLAINTS INCLUDING PLAINTIFF OR RETALIATION FOLLOWED.

J. TO THIS VERY DAY OF THIS COMPLAINT, FEBRUARY 7TH, 2021, SOME GRIEVANCES OR APPEALS HAVE GONE UNANSWERED OR IGNORED AND PLAINTIFF CANNOT TAKE PROPER ACTION OR RECOURSE UNTIL ALL REMEDIES ARE EXHAUSTED ACCORDING TO THE COMMONWEALTH OF PENNSYLVANIA LAW. PLAINTIFF BELIEVES <u>ALL</u> DEFENDANTS ARE WELL AWARE OF THIS AND THAT THIS IS AN INTENTIONAL ACT BY DEFENDANTS.

K. PLAINTIFF BELIEVES MANY OF THESE DELAYS OR UNANSWERED GRIEVANCES BY ALL DEFENDANTS HAS HINDERED PLAINTIFF GREATLY! MANY OF PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES HAVE BEEN VIOLATED, PLAINTIFF HAS SUFFERED LONGER THAN NEEDED CRUEL AND UNUSUAL PUNISHMENT BECAUSE OF THESE DELAYS AND DEFENDANTS ARE IN VIOLATION OF THE RULES OF PENNSYLVANIA LAW AND ALSO VIOLATE THE CODES OF THE COMPLAINT REVIEW SYSTEM.

L. PLAINTIFF ALSO BELIEVES BECAUSE OF THESE DELAYS PLAINTIFF MAY SUFFER LONG TERM PAIN AND SUFFERING INCLUDING THE LOSS OF WALKING OR USING PLAINTIFF'S LEGS BECAUSE OF ALL DEFENDANTS IGNORING PLAINTIFFS INJURIES.

LETTER (E) CONT.

‡ 10      COUNT ONE

PLAINTIFF V. CORRECTIONAL OFFICER DEFENDANTS AND MEDICAL DEFENDANTS

FEDERAL CONSTITUTIONAL CLAIMS

A. PLAINTIFF HEREBY INCORPORATES THE ALLEGATIONS CONTAINED IN #'S 1 THROUGH 9, INCLUSIVE, OF HIS COMPLAINT AS IF THE SAME WERE SET FORTH AT LENGTH HEREIN.

B. THE CORRECTIONAL OFFICER DEFENDANTS AND MEDICAL DEFENDANTS AS WELL AS JOHN DOES I-IXX WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS AND THEREBY VIOLATED PLAINTIFFS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

C. AS ALLEGED ABOVE THE CORRECTIONAL OFFICER DEFENDANTS AND THE MEDICAL DEFENDANTS KNEW THAT PLAINTIFF HAD SERIOUS INJURIES TO HIS ANKLES AND WAS VULNERABLE TO THE PROLONGED USE OF SHACKLES AND THAT THERE WAS A STRONG LIKELYHOOD THAT PLAINTIFF'S INJURIES WOULD BECOME PERMINANT, AND NOTWITHSTANDING THE KNOWLEDGE OF SIGNIFICANT RISK TO PLAINTIFFS HEALTH AND SAFETY, THERE WERE DELIBERATELY INDIFFERENT BY FAILING TO TAKE ANY ACTION OR PRECAUTION TO ENSURE AND PREVENT PLAINTIFF'S INJURIES FROM BECOMING LONG TERM OR EVEN PERMINANT.

D. THE INJURIES TO PLAINTIFF WAS VISUALLY OBVIOUS AND/OR KNOWN TO ALL DEFENDANTS,

E. THE CORRECTIONAL OFFICER DEFENDANTS AND THE MEDICAL DEFENDANTS INTENTIONALLY AND/OR

RICK

LETTER (E) CONT.

PROXIMATELY CAUSED BY THE DELIBERATE INDIFFERENCE OF YORK COUNTY, MICHELLE POKPRIFKA, DONALD REIHART, YCPB, DOLL, PRIMECARE, THOMAS WEBER AND JOHN DOE DEFENDANTS TO THE NEED FOR TRAINING, SUPERVISION, INVESTIGATION, MONITORING, OR DISCIPLINE WITH THE RESPECT TO THE USE OF SHACKLES AND MEDICAL CARE TO INMATES INCLUDING PLAINTIFF.

D. THE PLAINTIFF BELIEVES AND THEREFORE AVERS THAT THE DEFENDANTS YORK COUNTY, MICHELLE POKPRIFKA, DONALD REIHART, YCPB, DOLL, PRIMECARE, THOMAS WEBER, AND JOHN DOE DEFENDANTS HAVE ADOPTED AND MAINTAINED FOR MANY YEARS A RECOGNIZED AND ACCEPTED POLICY, CUSTOM, AND PRACTICE OF NOT CONDONING AND/OR THE ACQUIESCENSE OF THE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF INMATES, AND SUBJECT THEM TO THE SAME TYPE TREATMENT TO WHICH PLAINTIFF WAS SUBJECTED TO, WHICH POLICY VIOLATES THE CONSTITUTION OF THE UNITED STATES, THE LAWS OF THE UNITED STATES AND OF THE COMMONWEALTH OF PENNSYLVANIA AND WAS IN VIOLATION OF 42 U.S.C. § 1983.

E. THE AFOREMENTIONED UNCONSTITUTIONAL POLICY, CUSTOM AND PRACTICE INCLUDES FAILING TO PROVIDING ADEQUATE ↑AND POLICIES PROCEDURES FOR IDENTIFYING IMPROPER USE OF SHACKLES, AND FAILING TO HAVE ADEQUATE POLICIES AND PROCEDURES FOR ADDRESSING INJURIES FROM SHACKLES AND PROVIDING INMATES WITH ADEQUATE MEDICAL TREATMENT AND CARE.

LETTER (E) CONT.

POKPRIFKA, DONALD REIHART, YCPB, DOLL, PRIME CARE, THOMAS WEBER, AND OR JOHN DOE DEFENDANTS, KNEW OR SHOULD HAVE KNOWN OF THE ABOVE DESCRIBED POLICY AND THAT THEY DELIBERATELY, KNOWINGLY, AND/OR NEGLIGENTLY FAILED TO TAKE MEASURES TO STOP OR LIMIT THE POLICY, INTER ALIA, PROVIDING PROPER TRAINING, SUPERVISING, AND CONTROL OF THE OFFICERS, AGENTS, AND/OR EMPLOYEES OF YCP AND/OR PRIME CARE.

J.  BY FAILING TO ~~TAKE~~ TAKE ACTION TO STOP OR LIMIT THE POLICY AND/OR BY REMAINING DELIBERATELY INDIFFERENT TO THE SYSTEMATIC ABUSES WHICH OCCURED IN ACCORDANCE WITH AND AS A DIRECT AND PROXIMATE RESULT OF THE POLICY, DEFENDANTS, DEFENDANTS, YORK COUNTY, MICHELLE POKPRIFKA, DONALD REIHART, YCPB, DOLL, PRIME CARE, THOMAS WEBER AND/OR JOHN DOE DEFENDANTS, CONDONED, ACQUIESCED IN, PARTICIPATED IN, AND PERPETRATED THE POLICY IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA, THE LAWS OF THE UNITED STATES AND OF THE COMMONWEALTH OF PENNSYLVANIA, AND WAS IN VIOLATION OF 42 U.S.C. § 1983.

K.  THE VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, PLAINTIFF'S DAMAGES, AND THE CONDUCT OF THE INDIVIDUAL DEFENDANTS WERE DIRECTLY AND

LETTER (E) CONT.

of HIS COMPLAINT AS IF THE SAME WERE SET FORTH
AT LENGTH HEREIN.

B. MEDICAL DEFENDANTS HAD A DUTY TO COMPLY WITH
GENERALLY EXCEPTED MEDICAL STANDARDS OF CARE
IN THEIR TREATMENT OF PLAINTIFF.

C. THE MEDICAL DEFENDANTS VIOLATED THEIR DUTY OF CARE
TO PLAINTIFF.

D. THE MEDICAL DEFENDANTS' ACTS AND OMISSIONS
CONSTITUTE WILLFUL MISCONDUCT AND/OR GROSS NEGLIGENCE.

E. THE MEDICAL DEFENDANTS' VIOLATIONS OF THEIR DUTY OF
CARE TO PLAINTIFF WAS A DIRECT AND PROXIMATE
CAUSE AND A SUBSTANCIAL FACTOR IN BRINGING ABOUT
PLAINTIFF'S DAMAGES OUTLINED ABOVE, AND, AS A RESULT,
THE MEDICAL DEFENDANTS ARE LIABLE TO PLAINTIFF.

F. AS THE INDIVIDUAL MEDICAL DEFENDANTS WERE
ACTING AS AGENTS, SERVANTS, AND/OR EMPLOYEES
OF YORK COUNTY, PRIMECARE, AND/OR WEBER, AND
WERE ACTING WITHIN THE SCOPE AND COURSE OF THEIR
EMPLOYMENT, AND UNDER THE DIRECT CONTROL AND
SUPERVISION OF YORK COUNTY, PRIMECARE, AND/OR
WEBER ARE LIABLE TO PLAINTIFF ON THE BASIS
OF RESPONDENT SUPERIOR LIABILITY.

C.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHMENT "LETTER (E)"

## IV.   Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

PLAINTIFF'S ANKLES ARE PERMINATELY DAMAGED AND WILL ONLY GET WORST AS PLAINTIFF GETS OLDER. HIS INJURIES MAY REQUIRE ONE OR MORE SERGURIES IN THE FUTURE AND MAY EVEN LIMIT PLAINTIFF'S ABILITY TO WALK AS HE ALREADY SUFFERS FROM CONSTANT PAIN THAT DOES NOT GO AWAY, CONSTANT SWELLING THAT DOES NOT GO AWAY. ALL DEFENDANT'S SHOULD BE HELD ACCOUNTABLE FOR PLAINTIFF'S INJURIES.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHMENT "LETTER (F)"

LETTER (F) OF PAGE 5    RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS:

1. COMPENSATORY DAMAGES;

2. PUNITIVE DAMAGES AGAINST THE INDIVIDUAL DEFENDANTS,
   AND OF YORK COUNTY, YCPB, AND PRIMECARE;

3. REASONABLE ATTORNEY FEES AND COSTS IF PLAINTIFF
   IS ABLE TO AQUIRE COUNSEL;

4. MEDICAL TREATMENT FROM A THIRD PARTY
   SPECIALIST NOT KNOWN OR ASSOCIATED WITH DEFENDANTS
   FOR PLAINTIFF'S ANKLES AND NAILS.

5. TRAINING FOR CORRECTIONAL OFFICERS AND MEDICAL
   STAFF ON PROPER USE OF SHACKLES, AND WHAT
   TO DO WHEN SIGNS OF PHYSICAL ABUSE THROUGH
   THE USE OF SHACKLES ARE PRESENT.

6. THE REMOVAL OF ALL SMALLER/TIGHTER SHACKLES,
   AND SHARP, OLD, OUTDATED SHACKLES FROM THE
   YCP.

7. SUCH OTHER AND FURTHER RELIEF AS MAY APPEAR
   JUST AND APPROPRIATE.

8. PLAINTIFF HEREBY REQUESTS A JURY TRIAL AS
   TO EACH COUNT AND EACH DEFENDANT;

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  FEBRUARY 7ᵀᴴ 2021

Signature of Plaintiff
Printed Name of Plaintiff    PAUL J. HENRY III

### B.  For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address



Paul J. H...
York County
3400 Concord Road
York, Pa 17402

THIS CORRESPONDENCE ORIGINATES
FROM AN INMATE INSTITUTION

LEGAL MAIL

USMS ...

NEOPOST
02/08/2021
US POSTAGE $000.00⁰
ZIP 17402
041M11460782

U.S. District Court
Middle District of Pa.
228 Walnut Street
P.O. Box 983
Harrisburg, Pa. 17108
Att: Clerk of Courts

LEGAL MAIL